**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATALIYA NIKOLAEVNA DUDKEVICH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-72114<br><br>Agency No. A097-545-635<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Nataliya Nikolaevna Dudkevich, a native and citizen of Belarus, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and deny the petition for review.

The record does not compel the conclusion that Dudkevich demonstrated a sufficiently individualized threat of persecution to establish a well-founded fear of persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2006) (the recurrence of sporadic violence against Chinese Christians in Indonesia was insufficient to demonstrate eligibility for asylum "absent an individualized risk of persecution or a pattern and practice of persecution"). Accordingly, Dudkevich's asylum claim fails.

Because Dudkevich failed to establish eligibility for asylum, she necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Dudkevich failed to establish it is more likely than not she will be tortured upon her return to Belarus. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**